THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                                  Case No.   13-22662 AJC
                                                                        Chapter 7

    Walter A. Lista,

    Debtor,
_____/
CSK EDUCATIONAL FUNDING TRUST,
as Assignee of Roniel Rodriguez, IV, P.A.,

    Plaintiff,

-vs-

Walter A. Lista,                                                        Adv. Case No.

    Defendant.
_____/

**VERIFIED COMPLAINT**

    Comes Now, Plaintiff, CSK Educational Funding Trust as Assignee of Roniel Rodriguez, IV, P.A, and sues the Debtor, Walter A. Lista, seeking to deny the Debtor's entire bankruptcy discharge and states the following in support thereof:

1.    Debtor, Walter A. Lista, filed a voluntary petition in bankruptcy under Title 11 of the United States Code on January 31, 2011 seeking to discharge approximately 20 million dollars of debt accumulated through years of what one could only refer to as fraud and deception of investors, partners and general creditors.

2.    Debtor's financial empire recently crumbled because Debtor built his empire through fraud. Now, Debtor is intentionally seeking to discharge his massive debt through fraud on this Court and his creditors.

1

3. Plaintiff is the owner and holder of a certain Final Judgment rendered against the Debtor in Circuit Court of the 11th Judicial Circuit Miami-Dade County, Florida in the matter of *Roniel Rodriguez IV, P.A. v. Precast Depot, Inc. et al.* (Miami-Dade Circuit Court Case No. 2011-22457 CA 21). A true and correct copy of the Judgment and Assignment of Judgment are attached hereto as Exhibit "A"

4. This Court has jurisdiction over this matter, venue is proper in this Court and all parties hereto are *sui juris*.

5. The Debtor is a sophisticated, graduate-school educated, well-trained and hard-seasoned business man who had and continues to own and operate numerous businesses. Additionally, Debtor through a complex web of business entities has also owned, operated, engaged in numerous real estate transactions.

6. The Debtor and his wife, Diana Q. Lista, have enjoyed a lavish lifestyle replete with the trappings of multimillionaires, including, but limited to: a luxurious multimillion dollar waterfront mansion in the exclusive, gated, water-front neighborhood of *Gables by the Sea*; owning and operating various yachts and other vessels; owning a million dollar rental property in Pinecrest, Florida; splurging on frequent lavish vacations.

7. Yet, miraculously, the Debtor, under oath in his Bankruptcy Case, falsely asserts that he earns a meager $2,075.00 per month and his wife appears to have no income.

8. To add insult to injury, the Debtor claims to have earned only $24,900.00 in the year 2012. To quote Marcellus in Shakespeare's Hamlet: something is rotten in the state of Denmark.

9. During the years leading up to his bankruptcy filing, the Debtor owned and operated a 10-acre precast concrete fabrication facility located in Medley, Florida. While, the Debtor continued (and still continued to this day) to operate the facility, upon the filing of numerous lawsuits, ownership of the operating entity was conveyed to his wife for no consideration; and, customers were simply told not to worry, that it was "business as usual; just write the checks to the new entity."

10. On May 20, 2013, the Debtor signed his Schedules and SOFA, **UNDER PENALTY OF PERJURY**.

11. A cursory review of the Schedules clearly and unequivocally evidences that they are replete with material omissions, misstatements and otherwise fraudulent and intentionally misleading.

12. Commencing on Schedule A, the Debtor lists ownership of a single family home located at 6784 S.W. 97th Street, Miami, Florida. This non-homestead property would have been available to satisfy, in-part, Debtor's joint creditors; however, the Debtor actually sold this property on May 3rd, 2013, shortly before the filing of this instant Bankruptcy Case, and all while intentionally avoiding payment to and collection by his Creditors.

13. On Schedule B-2, the Debtor failed to list his brokerage account at TD Ameritrade.

14. On Schedule B-4, the Debtor failed to list his interest in stereo equipment, at least 3 large flat screen televisions, video games and systems, pool and patio furnishings, pool equipment, valuable artwork and numerous other furnishings and personalty within his home.

15. On Schedule B-7, the Debtor failed to list jewelry or watches that he owns, or otherwise fails to explain their disposition in the Statement of Financial Affairs ("SOFA");

16. On Schedule B-8, the Debtor failed to list and disclose various firearms that he owns or otherwise explain their disposition as well in the SOFA.

17. On Schedule B-13, the Debtor failed to list his interest in JW Truck & Equipment, Inc. and/or Eco Aggregates.

18. On Schedule B-25, the Debtor fails to list his 1997 Jeep Wrangler, which has been fully restored.

19. On Schedule J, the Debtor failed to list any dependents or the monthly amounts paid for his childrens' private school.

20. Debtor's SOFA is likewise deficient, misleading and otherwise fraudulent.

21. Starting on SOFA 1, the Debtor failed to list his income in 2011 and 2013 (year-to-date).

22. In SOFA 3, Debtor fails to list any payments to creditors within the 90 days immediately preceding the bankruptcy despite tens of thousands of dollars passing through Debtor's personal bank account.

23. In SOFA 4, Debtor fails to include the litigation between Debtor and Apollo Bank in Miami-Dade Circuit Court Case No. 12-34182 CA 01, or the Writ of Attachment issued and executed therein.

24. In SOFA 4, the Debtor also fails to lists the litigation with Wells Fargo Bank – Case No. 2011-25949 CA 01 (currently pending); as well as the litigation with Kelly Tractor (Case No. 2011-7786 CC 26 (judgment rendered on March 21, 2013)).

25. The Debtor also fails to list in SOFA 4 the litigation with Universal Concrete & Ready Mix Corp. (Case No. 2011-

4

19093 CC 25 (which was apparently settled and paid within the 90 days preceding the bankruptcy filing, and for which this "preference" does not appear in the SOFA as well))

26. SOFA 9 indicates that on May 28, 2013, the <u>Debtor paid</u> the sum of $2,500.00 to his bankruptcy counsel.  However, the 2016(b) Disclosure, dated May 30, 2013, filed by Debtor's counsel, does not indicate any such payment, and in fact, indicates that the Debtor has paid his counsel -0-.

27. On SOFA 10, the Debtor failed to list his transfer of ownership in Fern Street Properties, LLC., 81st Street Properties, LLC, and Walters & Williams, LLC.

28. Further omissions abound in the Debtor's SOFA. By way of non-exclusive example, the Debtor failed, on SOFA 18, to disclose that he is/was listed as an officer or director of the following corporations:

 A. Walters & Williams, Inc.;
 B. JW Truck & Equipment, Inc.;
 C. ZLES Management Group, Inc.;
 D. Plaza 7601, LLC.;
 E. Medley Properties, LLC.;
 F. Serit Tires Wholesale Ltd. Co.;
 G. Fern Street Properties, LLC.
 H. The 81st Street Properties, LLC.
 I. Eco Aggregates
 J. Walter Lista, Inc.
 K. Isabella Marine, Inc.

29. In SOFA Question 19, Debtor fails to disclose his accountant, Jaime Parlade, who prepared his tax returns and was in possession of other business and personal financial records of the Debtor.

5

### COUNT I – Denial of Discharge Per 11 U.S.C. §§727(a)(4)(A) and (D)

30. Paragraphs 1-29 (and all subparts) are herein re-alleged and re-averred.

31. Debtor has knowingly and fraudulently, in or in connection with this bankruptcy case, made a false oath or account and withheld recorded information relating to the Debtor's property or financial affairs from the Trustee, as an officer of the Estate entitled to possession.

32. The above-stated matters are non-exclusive examples of such false oaths and withholding of recorded information relating to the Debtor's property or financial affairs.

33. As such, the Debtor is not entitled to a bankruptcy discharge.

**WHEREFORE,** the Plaintiff demands judgment in his favor, and for such other and further relief this Court deems equitable and just.

### COUNT II – Denial of Discharge Per 11 U.S.C. Section 727(a)(2)

34. Paragraphs 1-29 (and all subparts) are herein re-alleged and re-averred.

35. Post-petition, Debtor demanded surrender and turnover of assets of the estate (which belong solely to the Trustee for liquidation purposes) from the Miami-Dade County Sheriff to himself, which had been seized pre-petition under writ; with the full knowledge that these seized items were subject to the lien thereon and/or administration by the Chapter 7 Trustee.

36. The Debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under Title 11, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed or concealed:

6

    a.    property of the Debtor within one year before the date of the filing of the petition; or,

    b.    property of the estate after the date of the filing of the petition.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

### COUNT III – Denial of Discharge Per 11 U.S.C. Section 727(a)(5)

37.    Paragraphs 1-29 (and all subparts) are herein re-alleged and re-averred.

38.    The Debtor is seeking discharge of over $5,000,000.00 in debt, and has accumulated over $3,000,000.00 on his homestead which he values at $1,300,000.

39.    Yet, inexplicably the Debtor claims to earn less than $25,000.00 per year and his wife is unemployed. The real property taxes alone on the homestead property exceed the Debtor's alleged income. Moreover, the Debtor makes no attempt to explain or otherwise account for the disposition of funds from the various mortgages claimed on Debtor's homestead.

40.    The Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

I HEREBY CERTIFY that I am admitted to the Bar for the United States District Court for the Southern District of Florida, and I am in compliance with the

7

additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

    Respectfully submitted this 6th day of June, 2013.

                                    JAMES B. MILLER, P.A.
                                    Counsel to Creditor/Plaintiff
                                    19 West Flagler Street, Suite 416
                                    Miami, FL 33130
                                    Tel. No. (305) 374-0200
                                    Fax. No. (305) 374-0250
                                    Email: jbm@title11law.com

                                    BY:_____/s/_____
                                         JAMES B. MILLER
                                         Fla. Bar No. 0009164